US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

NOV 29 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FORT SMITH DIVISION

PAULA D. DRENON                                              PLAINTIFF

VS.                          NO. 16-2276

TARGET CORPORATION                                          DEFENDANT

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, defendant target Corporation ("Target") hereby gives notice of the removal of this action from the Circuit Court of Sebastian County, Arkansas, Fort Smith Division, to the United States District Court for the Western District of Arkansas, Fort Smith Division.  Removal jurisdiction is based on the following:

1.      This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

2.      This case, styled *Paula D. Drenon v. Target Corporation*, was filed on September 14, 2016 in the Circuit Court of Sebastian County, Arkansas, Fort Smith Division, as civil action number CV-2016-854-VI on the docket of that Court.

3.      Target was served with summons, along with plaintiff's complaint on September 28, 2016.   Target filed a timely answer on October 19, 2016.  A copy of plaintiff's summons and complaint are attached hereto as Exhibit 1.  A copy of Target's answer is attached hereto as Exhibit 2.

4.      In her complaint, plaintiff sought damages for personal injury "including but not limited to, damage to her knee, including meniscal tears that have required and forced the plaintiff to secure medical, surgical and hospital attention and she has further endured great pain and suffering and will, in the future, have to endure great pain and suffering all to the plaintiff's damage of $75,000.00." *See* Exhibit 1, paragraph 7.

5.      On October 20, 2016, Target propounded Requests for Admissions to plaintiff asking her to admit "that all damages claimed by plaintiff as a result of the September 27, 2013 incident at issue in plaintiff's complaint, past and future, will never exceed $75,000." A copy of Target's Requests for Admission is attached hereto as Exhibit 3. Plaintiff denied Target's request stating, "The plaintiff denies Request for Admission No. 1 as she cannot predict future damages relating to her claim, but does not claim more than $75,000.00 at this time." A copy of plaintiff's response to Target's Requests for Admissions is attached hereto as Exhibit 4.

6.      In its Requests for Admission, Target also requested that plaintiff admit that Target was a corporation foreign to the State of Arkansas. *See* Exhibit 3, Request fort Admission No. 2. Plaintiff admitted this request. *See* Exhibit 4, plaintiff's response to Target's Request for Admission No. 2.

7.      United State Code 28 U.S.C. §§ 1446(c)(2)(ii) states:

>     If removal of a civil action is sought on the basis of the
>     jurisdiction conferred by section 1332(a), the sum demanded in
>     good faith in the initial pleading shall be deemed to be the amount
>     in controversy, except that -

2

    (A) The notice of removal may assert the amount in controversy if
         the initial pleading seeks –

                             ***

        (ii) A money judgment, but the State practice either does not
             permit demand for a specific sum or permits recovery of
             damages in excess of the amount demanded; and

    (B) Removal of the action is proper on the basis of an amount in
         controversy, asserted under paragraphs (A) if the district
         court finds, by the preponderance of the evidence, that the
         amount in controversy exceeds the amount specified in section
         1332(a).

8.      It is the practice of the State of Arkansas that a plaintiff is not

precluded from recovering damages in excess of the minimum for federal court

jurisdiction regardless of the amount of damages pled in the initial complaint,

notwithstanding the language of Ark. R. Civ. P. 8(a). *See Haynes v. Louisville

Ladder Group, LLC*, 341 F.Supp.2d. 1064, 1068 (E.D. Ark. 2004), discussing

*Interstate Oil and Supply Co. v. Troutman Oil Co.*, 334 Ark. 1, 972 S.W.2d 941

(1998), in which Judge G. Thomas Eisele of the Eastern District of Arkansas,

held that the Arkansas Supreme Court's interpretation of Ark. R. Civ. P. 8(a),

as well as the general principles of federal jurisdiction, do not allow Rule 8(a)

to be dispositive of federal court jurisdiction. The *Haynes* Court concluded

that that allowing Ark. R. Civ. P. 8(a) to "dictate federal jurisdiction when it

is apparent that Rule 8(a) imposes no limit whatsoever on a Plaintiff's

recovery in state court is improper." *Id*.

9.      Plaintiff demanded $75,000 in her complaint, the very limit of

federal court jurisdiction. In light of the above-cited authority, plaintiff is not

limited to a judgment in this amount and her refusal to admit that her damages will not exceed that amount, by even as much as one penny, particularly when she contends that she will "endure great pain and suffering" in the future, establishes by a preponderance of the evidence that the amount in controversy in this matter is in excess of $75,000.

10.     Therefore, as permitted by 28 U.S.C. § 1441(c)(2), Target states in its notice of removal that the amount in controversy in this matter is in excess of $75,000.

11.     In addition, plaintiff has admitted that Target is a corporation foreign to the State of Arkansas.  Therefore, there is complete diversity of citizenship between the parties.  *See* Exhibit 4, plaintiff's response to Target's Request for Admission No. 2.

12.     Pursuant to 28 U.S.C. § 1446(b)(C)(3), this Notice of Removal is being filed within thirty (30) days of Target's receipt of an "other paper," here plaintiff's November 9, 2016 responses to Target's Requests for Admission.

13.     The exhibits attached hereto constitute all of the process and pleadings that have been delivered to Target.

14.     This case is removed pursuant to 28 U.S.C. § 1441(a) and (b). Jurisdiction in the United States District Court for the Western District of Arkansas, Fort Smith Division is based on 28 U.S.C. § 1332.

15.     This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) because this action is between citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.

16.     Plaintiff is a resident and citizen of the State of Arkansas. *See* Exhibit 1, Plaintiff's Complaint at ¶ 1.

17.     Target is a corporation foreign to the State of Arkansas, authorized to transact business in Arkansas. *See* Exhibit 4, plaintiff's response to Target's Request for Admission No. 2.

18.     The United States District Court for the Western District of Arkansas, Fort Smith Division, embraces the county in which the state court action is now pending. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

19.     In accordance with 28 U.S.C. § 1446(d), Target will file a file-marked copy of this notice of removal with the Circuit Clerk of Sebastian County, Arkansas, Fort Smith Division.

20.     Undersigned counsel states that this removal is well-grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, defendant Target Corporation hereby removes this action from the Circuit Court of Sebastian County, Arkansas, Fort Smith Division, to the United States District Court for the Western Eastern District of Arkansas, Fort Smith Division and seeks resolution by this Court of all issues raised herein.

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
Fax: (501) 376-9442
E-mail:  kwilson@wlj.com

By _____

Kyle R. Wilson (89118)
*Attorneys for defendant Target Corporation*

## CERTIFICATE OF SERVICE

On November 28, 2016, a copy of the foregoing was served by U.S. mail on:

Michael Pierce
Gean, Gean & Gean
Attorneys at Law
511 Garrison Avenue
Fort Smith, Arkansas 72901
*Attorneys for Plaintiff*

_____

Kyle R. Wilson